```
             UNITED STATES DISTRICT COURT
                DISTRICT OF MINNESOTA
                   04-CR-417(JMR/FLN)
                     05-CV-385(JMR)
```

United States of America     )
                             )              ORDER
        v.                   )
                             )
Shannon Williams             )

This matter is before the Court on Shannon Williams' petition for relief under 28 U.S.C. § 2255. The petition is hereby denied.

I. Background

On April 11, 1994, petitioner was sentenced to 168 months in prison by U.S. District Judge William G. Cambridge of the District of Nebraska. On April 22, 2004, petitioner escaped from the Volunteers of America halfway house in Minneapolis, Minnesota, where he was serving his sentence. On December 27, 2004, he pleaded guilty to escaping, and was immediately sentenced to eight months in prison, consecutive to the Nebraska sentence.

Petitioner now claims his criminal history category was wrongly calculated to include points based on two Nevada convictions that were later adjusted. He further argues that, in light of United States v. Booker, 125 S. Ct. 738 (2005), the sentencing guidelines are advisory, and his sentence should run concurrently with the Nebraska time.

II. <u>Discussion</u>

   A. <u>Calculation of Criminal History</u>

Petitioner argues that his criminal history was incorrectly calculated at the time of the Nebraska sentencing, and for the instant offense. He claims this adversely affects him in two respects: first, that the Nebraska sentence was too long in light of his correct criminal history, and therefore, he should not have been incarcerated at the time he absconded; and second, that his sentence for escaping is based on an incorrect criminal history, and therefore, he should be resentenced.

     1. <u>Nebraska Sentence</u>

Petitions to correct a sentence are properly filed pursuant to 28 U.S.C. § 2255. <u>Von Ludwitz v. Ralston</u>, 716 F.2d 528 (8th Cir. 1983). A petition pursuant to this section must be filed with the court that imposed the sentence. <u>Swain v. Pressley</u>, 430 U.S. 372, 378 (1977). Petitioner has filed a Section 2255 petition in Nebraska, and his claim is properly pending there. Any claim regarding the propriety of the Nebraska sentence is improperly before this Court, and is hereby dismissed.

     2. <u>Minnesota Sentence</u>

Petitioner pleaded guilty to the crime of escape after conviction for a felony, in violation of 18 U.S.C. § 751(a). The statutory maximum sentence for this crime is five years in prison. <u>Id.</u> A calculation under the sentencing guidelines places the total

offense level at seven. U.S.S.G. §§ 2P1.1(a)(1), (b)(3) and 3E1.1 (2004). With a criminal history category of IV, the sentencing guidelines dictate a sentence of eight to fourteen months. Petitioner was sentenced to eight months for this crime.

Petitioner argues he is entitled to resentencing in light of Nevada overturning one of his previous criminal convictions. See Custis v. United States, 511 U.S. 485 (1994); Daniels v. United States, 532 U.S. 374 (2001). The Court disagrees. Petitioner informed the Court at the time of sentencing that his Nevada convictions were being reviewed. He was sentenced pursuant to a plea agreement that he knowingly and voluntarily signed and filed with the Court, in which he identified his own criminal history category as IV. Further, he waived his right to a presentence report in order to expedite the sentencing process. The Court was fully aware of petitioner's situation at the time of sentencing, and followed the plea agreement. Accordingly, there is no need for resentencing in this case, and petitioner's claim regarding the Minnesota sentence is hereby dismissed.

  B. Consecutive Sentence

Petitioner argues that, in light of the Supreme Court's decision in Booker making the sentencing guidelines advisory, his sentence should be amended to run concurrently with the Nebraska sentence. United States v. Booker, 125 S. Ct. 738 (2005). The sentencing guidelines provide that, "if the instant offense was

committed while the defendant was serving a term of imprisonment . . . the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment." U.S.S.G. § 5G1.3(a) (2004). Under Booker, the Court is required to construe the applicable guidelines and levy a reasonable sentence in light of the considerations set by Congress. Booker, 125 S. Ct. at 764-65; 18 U.S.C. § 3553(a).

Petitioner was sentenced at the time of the plea hearing, thereby eliminating his right to a presentence investigation. At that time, he was advised that the Supreme Court may issue a decision in Booker declaring the guidelines unconstitutional, and allowing the Court to consider a lower sentence concurrent to the Nebraska time. Petitioner chose to go ahead with the sentencing hearing, thereby waiving his right to an argument under Booker.

Even if he had not done so, Booker does not dictate alteration of his sentence. The sentence complies with Supreme Court's ruling, the sentencing guidelines, and the considerations set forth by Congress. Because petitioner's criminal history has no impact on whether or not the Minnesota sentence runs consecutive to the Nebraska time, this claim must be dismissed.

C.  Ineffective Assistance of Counsel

Claims of ineffective assistance of counsel are analyzed under the two-part test announced in Strickland v. Washington, 466 U.S. 668 (1984). Petitioner must show: (1) "that counsel's

4

representation fell below an objective standard of reasonableness," id. at 688; and (2) "but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

### 1. Counsel's Representation was Effective

Petitioner has not shown that counsel's representation was unreasonable. In fact, he acknowledges in his petition that counsel was "one of the best attorneys to ever represent him." Petitioner's Pet. at 4. Indeed, it was petitioner's decision to proceed with sentencing at the time of the plea rather than wait for a presentence report and possible Supreme Court ruling in Booker. At the time of sentencing, petitioner's attorney argued that, despite the mandate in the sentencing guidelines, petitioner's time should run concurrent with the Nebraska time.

Petitioner states that counsel should have objected to the use of a presentence report that contained an erroneous conviction. As discussed previously, however, he waived his right to a presentence report in order to be sentenced at the time of the plea hearing. It is clear he was ably represented by counsel.

### 2. Petitioner was not Prejudiced

Even if counsel had performed unreasonably, petitioner cannot show prejudice. Petitioner wanted to be sentenced according to the plea agreement, which he was. It was his own decision to proceed with sentencing at the time of the plea hearing, after being advised of the significance of a decision in Booker. Even if he

had been sentenced after Booker, he cannot show the sentence would have been different. Petitioner therefore fails to show prejudice from counsel's representation.

III. Certificate of Appealability

The Court has also considered whether it is appropriate to issue a Certificate of Appealability ("COA"). See Tiedeman v. Benson, 122 F.3d 518 (8th Cir. 1997). The Court concludes that no issue raised is "debatable among reasonable jurists." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing Lozada v. Deeds, 498 U.S. 430, 432 (1991) (per curiam)). Petitioner has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for issuance of a COA. 28 U.S.C. § 2253(c)(2).

Accordingly, based on the files, records, and proceedings herein, IT IS ORDERED that:

1. Petitioner's motion for relief pursuant to § 2255 [Docket No. 16] is denied.

2. No Certificate of Appealability will be issued in this case.

Date: June 30, 2005

s/ James M. Rosenbaum
JAMES M. ROSENBAUM
United States Chief District Judge